## THEODORE S. NEWTON, RESPONDENT, *v.* WILLIAM FORDHAM, APPELLANT.

*Evidence — opinion of witness — when inadmissible.*

In an action to recover damages sustained by defendant's drawing a dredge over plaintiff's oyster bed, a witness was asked, against defendant's objection and exception, "What, in your opinion, would be the damages of dredging across a bed of the size of Newton's [plaintiff], planted with young oysters?" *Held*, that it was error to allow the witness to answer the question.

APPEAL from a judgment of the County Court of Suffolk county, affirming a judgment recovered by the plaintiff in a Justice's Court.

*Thos. J. Ritch, Jr.*, for the appellant.

*Strong & Spear*, for the respondent.

TALCOTT, J. :

This is an action brought to recover damages sustained by the plaintiff, by reason of the drawing of a dredge over the plaintiff's private oyster bed in the waters of Long Island sound.

The action was tried before a justice of the peace of Suffolk county and a jury. The jury found a verdict for the plaintiff for ten dollars, and the justice rendered a judgment for that amount, with costs. The defendant appealed to the County Court, which affirmed the judgment.

It appears that on the trial a witness (Risley) was asked, " What, in your opinion, would be the damage of dredging across a bed of the size of Newton's planted with young oysters ? " To this question the defendant objected, because it was irrelevant, and because it was speculative. The question was, nevertheless, permitted. This was manifestly error. A witness cannot state his mere opinion as to what amount of damages a party has sustained by the commission of a trespass. He may state all the facts within his knowledge which bear upon the question, but cannot be permitted to state his opinion as to the effect of those facts, or his opinion formed from facts not stated. To draw this conclusion from the evidence is the province of the jury. The county judge, it would seem from the opinion, did not, apparently, notice the point of the objection. The authorities are quite numerous to show that the admission of the testimony was erroneous. The opinions of witnesses are only competent on questions of science, or skill. The question objected to in this case involved neither. It may have required some experience to enable a person to express an opinion on the subject of any value, as some experience is required to form a correct judgment in regard to most questions of fact. To form such judgment after the facts shall have been established is the province of the jury. (See 48 N. Y., 669.)

The judgment of the justice and of the County Court reversed, with costs.

Present — BARNARD, P. J., TALCOTT and PRATT, JJ.

Judgment of County Court reversed, with costs.